Opinion filed January 9, 2025



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00182-CV

_____

**AARON MATTHEW ESTRADA, INDIVIDUALLY AND AS NEXT FRIEND OF M.K.L.E., A MINOR, Appellant**

**V.**

**LUKE MIX AND MARIA MIX, Appellees**

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court Cause No. CV14221**

**M E M O R A N D U M   O P I N I O N**

As a result of a dog attacking a neighborhood child, out-of-possession rental property landlords were sued for damages. Appellant, Aaron Matthew Estrada, individually and as next friend of M.K.L.E., a minor, appeals the trial court's order granting Appellees, Luke Mix's and Maria Mix's no-evidence motion for summary judgment. In a single issue, Appellant argues that he produced sufficient evidence

to create a question of fact as to whether Appellees knew that their two dogs, including the one determined to have attacked M.K.L.E., possessed vicious propensities. We affirm.

*Factual and Procedural History*

In his original petition, Appellant alleged that on September 14, 2019, one of Travas and NeCole Stogsdill's dogs mauled M.K.L.E. Appellant asserted that the Stogsdills rented their home from Appellees, and that Appellees were liable for negligence from the attack by breaching their duty to maintain the safety of the home and to "ensure the safety of common areas for surrounding residents of the neighborhood" by failing to restrict, acknowledge, or inquire about vicious dogs on the property. Appellant further alleged that the Stogsdills' and Appellees' actions constituted negligence per se, that they were strictly liable, and that res ipsa loquitur established liability.

Appellees filed a no-evidence motion for summary judgment. Appellees challenged Appellant's suit on the grounds that no evidence existed that they possessed actual knowledge of the dogs' vicious propensities, which is necessary to hold an out-of-possession landlord liable for the acts of a tenant's dogs. Appellees further contended that imputed or constructive knowledge was insufficient to establish liability.

Appellant responded by arguing that the Stogsdills' neighbors had interactions with the dogs wherein they demonstrated vicious propensities. Appellant attached NeCole's deposition wherein she averred that Appellees were aware that their tenants had dogs and had visited the home. NeCole stated that when Appellees were visiting the home, the dogs were outside barking. Appellant also included affidavits from three neighbors who had past encounters with the dogs, and described the dogs as aggressive.

2

The trial court granted Appellees' no-evidence motion for summary judgment and severed the remaining claims and parties, establishing a final, appealable order. This appeal followed.

*Standard of Review*

We review the trial court's grant of summary judgment de novo. *Lujan v. Navistar, Inc.*, 555 S.W.3d 79, 84 (Tex. 2018) (citing *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003)). Under the Texas Rules of Civil Procedure, a no-evidence motion for summary judgment is required to "state the elements as to which there is no evidence." TEX. R. CIV. P. 166a(i). Importantly, the nonmovant has the entire burden to produce evidence raising a genuine issue of material fact once the movant files a no-evidence motion. *Id.*; *see Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 608 (Tex. 2017) (summary judgment was proper when the nonmovant did not respond to no-evidence motion).

In reviewing a no-evidence summary judgment, we apply the same legal sufficiency standard that we apply in reviewing a directed verdict. *Amwins Specialty Auto, Inc. v. Cabral*, 582 S.W.3d 602, 607 (Tex. App.—Eastland 2019, no pet.) (citing *Merriam v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013)); *see also King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). Therefore, we consider the evidence "in the light most favorable to the non-movant, disregarding all contrary evidence and inferences." *King Ranch*, 118 S.W.3d at 751 (citing *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "A no evidence point will be sustained when (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by the rules of law or evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact." *Id.* (quoting *Merrell Dow Pharm.*, 953 S.W.2d at 711).

The burden is on the nonmovant to raise a genuine issue of material fact about the elements challenged in the no-evidence motion for summary judgment. TEX. R. CIV. P. 166a(i); *First United Pentecostal Church v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). A fact is "material" only if it affects the outcome of the suit under the governing law; a material fact issue is "genuine" only if the evidence is such that a reasonable jury could find the fact in favor of the nonmovant. *Rayon v. Energy Specialties, Inc.*, 121 S.W.3d 7, 11–12 (Tex. App.—Fort Worth 2002, no pet.). The nonmovant must produce more than a scintilla of evidence to raise a genuine issue of material fact on the challenged elements. *First United Pentecostal Church*, 514 S.W.3d at 220. A nonmovant produces more than a scintilla of evidence when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Ford Motor Co. v. Ridgeway*, 135 S.W.3d 598, 601 (Tex. 2004). A nonmovant produces no more than a scintilla of evidence when the evidence is "so weak as to do no more than create a mere surmise or suspicion of a fact." *Forbes, Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003) (quoting *King Ranch*, 118 S.W.3d at 751).

*Applicable Law*

To impose liability on an out-of-possession landlord for his or her tenant's vicious dog, the plaintiff must prove that the landlord possessed (1) actual knowledge of the animal's presence, (2) actual knowledge of the animal's vicious propensities, and (3) the ability to control the premises.[1] *Batra v. Clark*, 110 S.W.3d

---

[1] In his brief, Appellant mentions that he also "asserted a cause of action for . . . negligence per se, strict liability and res ipsa loquitor," [sic] but he does not address the trial court's summary judgment on those claims in favor of Appellees. Instead, he merely states that "[e]ach of these causes of action required evidence supporting the existence of a legal duty," without more. As a result of Appellant's inadequate briefing on the remainder of his claims, we will not address such claims and will restrict our analysis to the only issue Appellant raised on appeal: whether Appellees had actual knowledge of the dogs' dangerous propensities. *See* TEX. R. APP. P. 38.1(i); *Cowan v. Worrell*, 638 S.W.3d 244, 262 n.2 (Tex. App.—Eastland 2022, no pet.) ("Rule 38.1 requires both citation to authority and substantive analysis in regard to an issue,

126, 130 (Tex. App.—Houston [1st Dist.] 2003, no pet.). "[I]f a landlord has actual knowledge of an animal's dangerous propensities and presence on the leased property, and has the ability to control the premises, he owes a duty of ordinary care to third parties who are injured by this animal." *Id.* As to the second element, the one in dispute on appeal, the plaintiff must demonstrate that the landlord had actual knowledge of the animal's vicious propensities—imputed or constructive knowledge is not sufficient. *Id.* "Actual knowledge . . . is what a person actually knows, as distinguished from constructive knowledge, or what a person should have known." *Bolton v. Fisher*, 528 S.W.3d 770, 775–76 (Tex. App.—Texarkana 2017, pet. denied) (quoting *Ortega v. Phan-Tran Prop. Mgmt., L.L.C.*, No. 01-15-00676-CV, 2016 WL 3221423, at *3 (Tex. App.—Houston [1st Dist.] June 9, 2016, pet. denied) (mem. op.)).

*Analysis*

Appellant argues that the evidence he presented was sufficient to create a genuine issue of material fact as to whether Appellees possessed actual knowledge that the Stogsdills' dogs were vicious. Appellant points to NeCole's deposition testimony that Appellees were aware of the dogs' presence in their home and that the dogs were barking during a visit. Appellant also points to the affidavits of three of the Stogsdills' neighbors who described the dogs as aggressive based on those neighbors' interactions with the dogs. Appellant contends that:

> [he] will . . . be able to prove that anyone who met or simply observed the dogs would conclude that the dogs had dangerous propensities based on their general demeanor, their aggressiveness, the launching, barking, growling, their size, their threatening body language, and that [this] behavior was their usual behavior without provocation.

---

and failure to provide either constitutes a waiver of the issue on appeal."). Furthermore, because we hold that Appellees did not have actual knowledge of the dogs' dangerous propensities—and therefore did not owe a duty of ordinary care to a third party injured by the dogs— we need not address the other claims. *See* TEX. R. APP. P. 47.1.

5

[And he] will be able to prove that Appellees had plenty of contact with the dogs; that they were close to the dogs, that the dogs had to be put up when they visited; that the dogs did behave in their usual aggressive manner; and that the dogs [would] bark and launch at the Appellees through the fence.

From this, a jury could conclude that the Appellees had close interaction and knew about the dogs and knew the dogs had vicious propensities.

However, as Appellees argue, Appellant's evidence does no more than establish that Appellees were aware of the dogs' presence and that the Stogsdills and their neighbors—not Appellees—might have been aware of the dog's vicious propensities. There is no evidence that any person notified Appellees that the dogs were vicious or possessed vicious propensities. *See Batra*, 110 S.W.3d at 130. Although Appellant makes a conclusory claim that the dogs behaved in an aggressive manner by barking and launching at Appellees during a visit, there is no such evidence in the record supporting Appellant's claim of the landlords' actual knowledge. *See id.* Although the entire burden to produce evidence raising a genuine issue of material fact is on Appellant, he only produced evidence that the dogs, unbeknownst to Appellees, had demonstrated some aggressive propensities toward the Stogsdills' neighbors. *See id.* (concluding landlord did not owe a duty to third party where landlord knew of dog's presence and maintained control over the property, but the trial court only found that the landlord possessed imputed knowledge of the dog's vicious propensities); *Bolton*, 528 S.W.3d at 775 (adopting the standard set out in *Batra*); *see also Mattox v. Timmerman*, No. 03-13-00107-CV, 2013 WL 4516125, at *3 (Tex. App.—Austin Aug. 22, 2013, no pet.) (mem. op.) (holding that plaintiff's summary judgment evidence was insufficient where an affidavit established only that the landlord was aware of the dog's presence but not that it posed any kind of threat). Such evidence supports only imputed knowledge

6

at best and creates no more than a suspicion or surmise that Appellees had actual knowledge of the dogs' vicious nature. *See Mattox*, 2013 WL 4516125, at *3. Because Appellant did not put forth any evidence on this essential element of his claim, summary judgment was proper. *See* TEX. R. CIV. P. 166a(i). Accordingly, Appellant's sole issue is overruled.

*This Court's Ruling*

We affirm the judgment of the trial court.


W. BRUCE WILLIAMS

JUSTICE


January 9, 2025

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.